UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.  CRIMINAL NO: 3:22-CR-42-KHJ-LGI

JARVIS FICKLIN

ORDER

Before the Court is Defendant Jarvis Ficklin's [27] Motion to Dismiss. For the following reasons, the Court denies the motion.

I. Background

The Government filed a criminal complaint against Ficklin on March 7, 2022. Compl. [1]. On March 22, a Grand Jury indicted him on five counts: (1) assault with intent to commit murder in violation of 18 U.S.C. §§ 113(a)(1), 1153; (2) assault with a dangerous weapon with intent to inflict bodily harm in violation of 18 U.S.C. §§ 113(a)(3), 1153; (3) assault resulting in serious bodily injury in violation of § 113(a)(6), 1153; (4) use, carry, brandishing, and discharge of a firearm during and in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c); (5) and felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Indictment [9]. Believing Ficklin was suffering from an "undefined mental disease," Ficklin's counsel moved for a psychiatric exam on March 25, which the Court granted soon after. Mot. [11]; Order [17].

After a competency hearing on September 23, 2022, the Court determined Ficklin was not competent to stand trial. ECF Minute Entry, September 23, 2022. A few days later, the Court ordered (1) Ficklin committed to the custody of the

Attorney General "for a reasonable time, not to exceed four months" for competency restoration, and (2) the Attorney General provide the Court a report within four months as to whether Ficklin's competency had been restored or whether he needed additional hospitalization. Order [25].

To date, Ficklin has not received hospitalization or treatment and still is in the custody of Madison County Detention Center. Mot. Dismiss [27] at 1. He alleges that, as of the date he filed the motion, he was "67th in line" for hospitalization and treatment. *Id.* at 1. He now moves to dismiss the Indictment based on the delay and length of his pre-hospitalization commitment period. *Id.* at 2.

II.   Analysis

Ficklin relies on 18 U.S.C. § 4241(d) and *Jackson v. Indiana*, 406 U.S. 715 (1972). The former "provides that after a finding that the defendant is mentally incompetent, the Attorney General shall hospitalize the defendant 'for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.'" *United States v. Easterling*, No. 3:16-CR-102, 2017 WL 5894223, at *2 (S.D. Miss. Nov. 29, 2017) (quoting 18 U.S.C. § 4241(d)(1)). *Jackson v. Indiana* holds that indefinite commitment of a criminal defendant violates due process. *Id.* (citing *Jackson*, 406 U.S. at 731).

The defendant in *Easterling* presented a nearly identical argument to

Ficklin's. *See* 2017 WL 5894223, at *2. There, the defendant had not received treatment for over 224 days. *See id.* at *1. Along with an argument related to his right to a speedy trial, the defendant relied on *Jackson* and § 4241(d) to argue due process required dismissal of the charges because more than four months had elapsed since the Court ordered commitment. *Id.* at *2.

Chief Judge Jordan rejected that argument for three reasons: (1) the defendant was still awaiting hospitalization, so the case "[did] not involve a prolonged commitment; it involve[d] an unfortunate and prolonged delay in moving the defendant to the appropriate facility."; (2) his case also did not involve "indefinite commitment," because the Court expected a competency determination would be made within four months of the defendant's hospitalization; and (3) the defendant cited no authority suggesting dismissal of the indictment was the appropriate remedy. *Id.* The Court denied the motion to dismiss but noted it was "extremely concerned over the amount of time that ha[d] elapsed since the entry of the [order] and the complete failure to deliver Easterling for hospitalization and treatment." *Id.* at *2.

Ficklin makes essentially the same argument under § 4241(d) and *Jackson*, arguing dismissal is appropriate here based on the Bureau of Prisons' ("BOP") "systemic violations of the Due Process Clause and § 4241(d)." [27] at 7. He also relies on *United States v. Donnelly*, 41 F.4th 1102, 1106 (9th Cir. 2022) (per curiam) for the proposition that the length of his delay violates § 4241(d). That case did not establish the maximum allowable length of a pre-hospitalization

3

commitment period under § 4241(d) but held that eight months was excessive. *Id.* at 1106, 1108. But even *Donnelly* held dismissal is not the appropriate remedy for the excessive period; instead, it remanded the case to the district court with instructions to order the Attorney General to hospitalize Donnelly within seven days. *Id.* at 1108.

Ficklin has been in pre-hospitalization commitment for over 100 days. He has not been in commitment for eight months, *see Donnelly*, 41 F.4th at 1106, or 224 days, *see Easterling*, 2017 WL 5894223 at *1. Dismissal was not the appropriate remedy in either of those cases, and Ficklin does not otherwise explain how he is entitled to dismissal based on the BOP's alleged "systemic violations" at this juncture. Because dismissal is not an appropriate remedy, the Court denies his motion.[1]

III. Conclusion

For the stated reasons, the Court DENIES Defendant Jarvis Ficklin's [27] Motion to Dismiss.

SO ORDERED, this the 25th day of January, 2023.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE

---

[1] Ficklin asks the Court to "provide appropriate relief" if it disagrees that dismissal is not the appropriate remedy. [27] at 9 n.4. But Ficklin does not propose any alternate relief.